IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-00186-CYC

ENRIQUE CASTRO DE SANTIAGO,

      Petitioner,

v.

KRISTI NOEM, United States Secretary, Department of Homeland Security;
TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement (ICE);
MARCOS CHARLES, Acting Executive Associate Director, ICE Enforcement and Removal Operations;
KELEI WALKER, ICE Denver Field Office Director;
JUAN BALTASAR, Warden, GEO-ICE immigration detention facility in Aurora, CO; and
PAMELA BONDI, United States Attorney General;

      Respondents.

---

## MINUTE ORDER

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on February 18, 2026.**

This matter is before the Court on the petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed by Petitioner Enrique Castro de Santiago ("Petitioner"); the Petitioner's Motion to Supplement Writ of Habeas Corpus, ECF No. 9; the respondents' Response to Order to Show Cause Why the Petition for a Writ of Habeas Corpus Should Not Be Granted, ECF No. 14; and the Petitioner's reply brief, ECF No. 15.

In his Petition, the petitioner challenges "the legality of his detention" stating, among other things, that he "is not subject to mandatory detention" and citing to 8 U.S.C. § 1226(c), which discusses mandatory detention for individuals with certain criminal convictions. ECF No. 1 ¶¶ 31, 35. He also states that he "is eligible for release from detention during the pendency of" any appeal of the Immigration Judge's grant of cancellation of removal "subject to the discretionary authority of the Attorney General pursuant to 8 U.S.C. § 1226(a)." *Id*. ¶ 32. The Petitioner also makes clear that he is not subject to detention under either 8 U.S.C. § 1225 or § 1231. *Id*. ¶¶ 36–37. As a result, he argues that his continued detention is cruel, arbitrary, and capricious. *Id*. ¶¶ 40, 52. The petitioner relies on the Administrative Procedures Act ("APA") to support his request for relief, *id*. ¶¶ 43–51, and also states that "the Respondents have no legal grounds to detain him." *Id*. ¶ 53. But given his repeated assertion that his detention is cruel and his assertion that there are no legal grounds for his detention, it is unclear if he is bringing his Petition under additional legal authority. The Petitioner was granted leave to amend his Petition, ECF No. 13, and that amendment references "due process" with regard to an appeal of the

1

Immigration Judge's grant of cancellation of removal. ECF No. 9 at 2. However, it is unclear to the Court whether the Petitioner is invoking any constitutional rights in support of his request for relief.

The respondents address the APA in their response, but not any constitutional issues. ECF No. 14. However, they conclude by stating:

> In asserting that no lawful basis exists to justify his custody, Petitioner invokes the Court's authority to review of [sic] the legality of his custody through a habeas proceeding. His petition thus does not raise a substantive claim under the APA challenging a final agency action, *see* 5 U.S.C. § 704, but rather is a challenge to unlawful detention under the general habeas standard.

*Id.* at 11. It is unclear if they mean that any constitutional ground that may have been asserted fails or that they do not believe that any constitutional argument was made in the first place.

Petitioner's reply does not clarify matters. It discusses due process in the context of service of an appeal of the Immigration Judge's grant of cancellation of removal, which according to him was not properly taken. ECF No. 15 at 7. He then adds: "The fact that the Respondents' appeal is impotent is only further evidence that their continued detention of [him] is ultra vires and unconstitutional" and cites to both the APA and the Fourteenth Amendment. *Id.* at 6. That filing concludes with a section stating that his detention is "unconstitutional," but it does not point to any particular provision of the Constitution.

In short, it is unclear on what grounds the Petitioner seeks relief. Mindful that it cannot "construct arguments or theories for the [Petitioner] in the absence of any discussion of those issues," *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991), but also aware that the Petitioner makes mention of potential grounds in his filings that are not addressed by the respondents, the Court seeks clarification.

Accordingly, it is hereby ORDERED that, **on or before February 27, 2026**, the Petitioner shall file a brief consisting of no more than five pages that explains the legal basis for his request for relief. This page limitation does not include the case caption, signature block, and certificate of service.

The respondents may file a response to the Petitioner's brief **on or before March 6, 2026** that consists of no more than five pages. This page limitation does not include the case caption, signature block, and certificate of service.

2